| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Bruce A. Boice, Esq., SBN: 249296<br>Law Office of Boice & Associates<br>716 E. Lincoln Ave<br>Orange, CA 92865<br>TEL: (949) 690-8647<br>FAX: (949) 612-0859<br>bboice@lawyer.com<br><br>☐ Individual appearing without attorney<br>☒ Attorney for: Debtors | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>Ricky and Pamela Dennis<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:14-bk-29778-VZ<br>CHAPTER 13<br><br>*First Amended*<br>**CHAPTER 13 PLAN**<br><br>**CREDITOR'S MEETING:**<br>DATE: 12/02/2014<br>TIME: 9:00 am<br>PLACE: 915 Wilshire Blvd, 10th Floor Mtg Rm1<br>       Los Angeles, CA 90017<br><br>**CONFIRMATION HEARING:**<br>DATE: 03/16/2015<br>TIME: 9:00 am<br>PLACE: 255 E Temple St., Crtrm 1368<br>       Los Angeles, CA 90012 |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. §1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the chapter 13 trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 1                                    F 3015-1.01.CHAPTER13.PLAN

the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C. §1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. §1328.

The Debtor proposes the following Plan and makes the following declarations:

I. **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE**

   The Debtor submits the following to the supervision and control of the chapter 13 trustee:

   A. Payments by Debtor of $ 976.32 per month for 60 months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

   B. The base plan amount is $ 58,578.99 which is estimated to pay 6.200 % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the chapter 13 trustee may increase the percentage to be paid to creditors accordingly.

   C. Amounts necessary for the payment of postpetition claims allowed under 11 U.S.C. §1305.

   D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the Plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the chapter 13 trustee for the following creditor(s) in the following amounts:

   | Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
   |---|---|---|---|
   |  |  |  | $ |
   |  |  |  | $ |
   |  |  |  | $ |

   Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The chapter 13 trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the chapter 13 trustee's account. The chapter 13 trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                              Page 2                                              F 3015-1.01.CHAPTER13.PLAN

E. Other property (*specify property or indicate none*): _____

II. **ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the Plan or by court order, the chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:

    (a) Domestic Support Obligations and the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date;

    (b) Administrative expenses (Class 1(a)) in amount not exceeding _____% of each Plan Payment until paid in full;

2. If there are no Domestic Support Obligations, the order of priority shall be the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding 100.000% of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the chapter 13 trustee from the Plan Payment; such secured debt may be paid by the chapter 13 trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 3    **F 3015-1.01.CHAPTER13.PLAN**

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 | | | | | |
|---|---|---|---|---|---|
| ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507 | | | | | |

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| **a. Administrative Expenses** | | | | | |
| (1) Chapter 13 trustee's fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's fees | $ | | $ | | $ |
| (3) Chapter 7 trustee's fees *(specify trustee name)* | $ | | $ | | $ |
| (4) Other | $ | | $ | | $ |
| **b. Other Priority Claims** | | | | | |
| (1) Internal Revenue Service | $2,944.97 | 3.000 % | $ 52.92 | 60 | $ 3,175.20 |
| (2) Franchise Tax Board | $ | % | $ | | $ |
| (3) Domestic Support Obligation | $ | % | $ | | $ |
| (4) Other Los Angeles | $11,412.24 | 0.000 % | $ 190.20 | 60 | $ 11,412.24 |
| **c. Domestic Support Obligations that are not to be paid in full in the Plan *(specify creditor name)*:** | | | | | |
| | $ | % | $ | | $ |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012* — Page 4 — F 3015-1.01.CHAPTER13.PLAN

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE

1. ☐ The postconfirmation monthly mortgage payment will be made by the chapter 13 trustee from the Plan Payment to: _____

2. ☒ The postconfirmation monthly mortgage payment will be made by the Debtor directly to:
Wells Fargo Home Mortgage

Wells Fargo Home Mortgage _____  7352
(name of creditor)                             (last 4 digits of account number)

_____                                _____
(name of creditor)                             (last 4 digits of account number)

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default ||||| 
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| Wells Fargo Home Mortgage | | $ 34,768.46 | 0.000 % | $ 579.47 | 60 | $ 34,768.46 |
| | | $ | % | $ | | $ |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last 4 Digits of Account Number | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| | | $ | $ | % | $ | | $ |
| | | $ | $ | % | $ | | $ |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 5    F 3015-1.01.CHAPTER13.PLAN

### CLASS 4

**OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE**

1. ☐ The postconfirmation monthly payment pursuant to the promissory note will be made by the chapter 13 trustee from the Plan Payment to:
2. ☐ The postconfirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____    _____
(name of creditor)                          (last 4 digits of account number)

_____    _____
(name of creditor)                          (last 4 digits of account number)

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | $ | % | $ | | $ |
| | | $ | % | $ | | $ |

### CLASS 5

**NON-PRIORITY UNSECURED CLAIMS**

The Debtor estimates that non-priority unsecured claims total the sum of $ 55,128.54

Class 5 claims will be paid as follows:

(Check one box only.)
☐ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐ Class 5 claims will be divided into subclasses as shown on the attached exhibit (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ 0.00 which is estimated to pay 100.000 % of the scheduled nonpriority unsecured debt.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 6    F 3015-1.01.CHAPTER13.PLAN

## IV. PLAN ANALYSIS

| TOTAL PAYMENTS PROVIDED FOR UNDER THE PLAN | |
|---|---|
| CLASS 1a | $ |
| CLASS 1b | $ 14,587.44 |
| CLASS 1c | $ |
| CLASS 2 | $ 34,768.46 |
| CLASS 3 | $ |
| CLASS 4 | $ |
| CLASS 5 | $ 3,417.97 |
| SUB-TOTAL | $ 52,773.87 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise) | $ 5,805.12 |
| TOTAL PAYMENT | $ 58,578.99 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executor contracts and unexpired leases.
   None

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   Exeter Finance Corp.

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   Exeter Finance corp

D. The Debtor hereby surrenders the following personal or real property (*identify property and creditor to which it is surrendered*): none

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions (*use attachment, if necessary*):
   Debtor will turn over all income tax refunds to the Trustee during the first three years of the Plan.

G. The chapter 13 trustee is authorized to disburse funds after the date confirmation is announced in open court.

H. The Debtor will pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012      Page 7      F 3015-1.01.CHAPTER13.PLAN

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the chapter 13 trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Date: 03/15/2015

/s/Bruce A. Boice
Attorney for Debtor

/s/Ricky Dennis
Debtor

/s/Pamela Dennis
Joint Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012

Page 8

F 3015-1.01.CHAPTER13.PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

716 E. Lincoln Ave., Orange, CA 92865

A true and correct copy of the foregoing document entitled (*specify*): First Amended Chapter 13 Plan

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 03/15/2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   Nancy K Curry (TR) : ecfnc@trustee13.com;
   Marian Garza: ecfnotices@ascensioncapitalgroup.com;
   United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov

   ☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 03/15/2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

   ☑ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

   ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/15/2015 | Bruce A. Boice | /s/Bruce A. Boice |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

```
Label Matrix for local noticing          Exeter Finance Corp.                      WELLS FARGO HOME MORTGAGE
0973-2                                   c/o Ascension Capital Group               MAC X7801-014
Case 2:14-bk-29778-VZ                    Arlington, TX 76006                       3476 Stateview Blvd.
Central District Of California                                                     Fort Mill, SC 29715-7203
Los Angeles
Sun Mar 15 23:09:36 PDT 2015
                                         American Capital Enterprises              American Express
Los Angeles Division                     27919 Jefferson Ave., Suite 206           PO Box 297871
255 East Temple Street,                  Temecula, CA 92590-2653                   Fort Lauderdale, FL 33329-7871
Los Angeles, CA 90012-3332


American Express Bank, FSB               American InfoSource LP as agent for       American InfoSource LP as agent for
c o Becket and Lee LLP                   Midland Funding LLC                       Verizon
POB 3001                                 PO Box 268941                             PO Box 248838
Malvern, PA 19355-0701                   Oklahoma City, OK  73126-8941             Oklahoma City, OK  73124-8838


Army & Air Force Exchange Services       (p) BANK OF AMERICA                       California Business Bu
Bass & Associates, P.C.                  PO BOX 982238                             1711 S Mountain Ave
3936 E. Ft. Lowell Road, Suite #200      EL PASO TX 79998-2238                     Monrovia, CA 91016-4256
Tucson, AZ 85712-1083


Cap One                                  Citi Mc/Bc                                Credit Management
PO Box 5253                              One Court Square                          4200 International Pkwy
Carol Stream, IL 60197-5253              Long Island City, NY 11120-0001           Carrollton, TX 75007-1912


DSNB/Macy's                              Exeter Finance Corp                       Exeter Finance Corp.
PO Box 8218                              PO Box 204480                             P.O. Box 167399
Mason, OH 45040-8218                     Dallas, TX 75320-4480                     Irving, TX 75016-7399


First Premier Bank                       Franchise Tax Board                       HSBC Bank
3820 N Louise Ave                        Bankruptcy Section MS A340                PO Box 2013
Sioux Falls, SD 57107-0145               PO Box 2952                               Buffalo, NY 14240-2013
                                         Sacramento, CA 95812-2952


Internal Revenue Service                 (p) JEFFERSON CAPITAL SYSTEMS LLC         LOS ANGELES COUNTY TREASURER AND TAX COLLECT
P.O. Box 7346                            PO BOX 7999                               P.O. BOX #54110
Philadelphia, PA 19101-7346              SAINT CLOUD MN 56302-7999                 LOS ANGELES, CA 90054-0110


LVNV Funding, LLC its successors and assigns   Los Angeles County Tax Collector    Malcum S Gerald and Associates
assignee of General Electric Capital     225 North Hill Street                     332 South Michigan Ave, Suite 600
Corporation                              Los Angeles, CA 90012-3253                Chicago, IL 60604-4318
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Messerli & Kramer, P.A.                  Midland Credit Management, Inc.           Midland Funding
3033 Campus Drive,m Ste., 250            as agent for MIDLAND FUNDING LLC          8875 Aero Dr Ste 200
Minneapolis, MN 55441-2662               PO Box 2011                               San Diego, CA 92123-2255
                                         Warren, MI 48090-2011
```

Nationwide Credit, Inc
2002 Summit blvd
30319-1560

Newport Dental
151 North Azusa
West Covina, CA 91791-1342

Palisades Collection
Bankruptcy Department
PO Box 1244
Englewood Cliffs, NJ 07632-0244

Palisades Collections, LLC
VATIV RECOVERY SOLUTIONS LLC, dba SMC
As agent for Palisades Collections, LLC
P.O. Box 40728
Houston, TX 77240-0728

Pinnacle Credit Services
7900 Highway 7 3 100
Minneapolis, MN 55426

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Premier Bankcard/Charter
PO Box 2208
Vacaville, CA 95696-8208

Schoolsfirst Fcu
Po Box 11547
Santa Ana, CA 92711-1547

Shell / CitiBank
PO Box 6497
Sioux Falls, SD 57117-6497

THD/CNBA
PO Box 6497
Sioux Falls, SD 57117-6497

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

WFDS/WDS
PO Box 1697 Sylvan Ave
Englewood Cliffs, NJ 07632

Wells Fargo Financial California, Inc.
Attention: Bankruptcy Department MAC D33
3476 Stateview Blvd
Fort Mill, SC 29715-7203

Wells Fargo Home Mortgage
PO Box 10335
Des Moines, IA 50306-0335

Wfs Fin / Wachovia
Po Box 3569
Rancho Cucamonga, CA 91729-3569

Bruce A Boice
Law Office of Boice & Associates
716 E Lincoln Ave
Orange, CA 92865-1808

Nancy K Curry (TR)
1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017-2466

Pamela Dennis
2622 Paseo La Paz
West Covina, CA 91792-2152

Ricky Dennis
2622 Paseo La Paz
West Covina, CA 91792-2152

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002(g)(4).

Bank of America
PO Box 982238
El Paso, TX 79998

Jefferson Capital Systems LLC
Po Box 7999
Saint Cloud Mn 56302-9617

Portfolio Recovery Associates, LLC
120 Corporate Blvd, Ste 1
Norfolk, VA 23502

End of Label Matrix
Mailable recipients    48
Bypassed recipients     0
Total                  48